UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BEATRICE M. PARKER

VERSUS

BASF CORPORATION

CASE NUMBER:  25-1162

JUDGE:

MAGISTRATE:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLAINT FOR DAMAGES

(Toxic Tort – Ethylene Oxide Exposure)

Plaintiff, BEATRICE M. PARKER, through undersigned counsel, respectfully files this Complaint against Defendant BASF Corporation, and alleges as follows:

I. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

1. Defendant BASF Corporation is incorporated in Delaware and maintains its principal place of business outside Louisiana.

2. Venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District, including Plaintiff's occupational and environmental exposure to ethylene oxide emitted from Defendant's Geismar, Louisiana facility.

II. PARTIES

1

3. Plaintiff BEATRICE M. PARKER is an adult resident of East Baton Rouge Parish, Louisiana.

4. Defendant BASF Corporation ("BASF") is a foreign business corporation authorized to do business in Louisiana.   BASF's registered agent for service of process is: C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.  BASF owns and operates a large chemical manufacturing complex in Geismar, Louisiana, which produces ethylene oxide and related chemical intermediates.

## III. FACTUAL ALLEGATIONS

A. Plaintiff's Employment at BASF

5. Plaintiff was employed by BASF for sixteen (16) years, from 1980 through 1996.

6. During her employment, Plaintiff worked directly in the production unit that manufactured ethylene oxide ("EtO"), a hazardous air pollutant and known human carcinogen.

7. Plaintiff was routinely exposed to EtO during her work shifts through direct contact, fugitive emissions, venting operations, and inadequate protective measures.

8. Throughout her employment, BASF failed to provide adequate respiratory protection, failed to monitor EtO levels effectively, and failed to warn Plaintiff of the health risks associated with chronic EtO exposure.

B. Whistleblower Retaliation and Termination

9. During her employment, Plaintiff reported and opposed discriminatory promotion practices occurring within her department.

10. As a result of her whistleblowing activity, Plaintiff was subjected to retaliation, hostility, and adverse employment actions.

2

11. In 1996, Plaintiff was constructively and creatively terminated from her position at BASF because of her protected activity.

C. Cancer Diagnosis and Medical Harm

12. In 1999, at the age of 47, Plaintiff was diagnosed with Grade II invasive ductal carcinoma, Ductal carcinoma in situ (DCIS) and invasive ductal cancer in the left upper inner quadrant. ER negative; PR negative; HER2 unknown.

13. On June 16, 1999, Plaintiff underwent bilateral mastectomy, resulting in the removal of both breasts.

14. Plaintiff's cancer diagnosis and resulting surgeries were directly and proximately caused by her long-term occupational exposure to ethylene oxide at BASF's Geismar facility.

D. Impact on Plaintiff's Life

15. The physical and emotional trauma of losing both breasts caused profound psychological distress, body-image injury, and long-term emotional suffering.

E. BASF's Knowledge and Failure to Protect

16. BASF knew or should have known that ethylene oxide exposure significantly increases the risk of breast cancer, lymphoid cancers, and other malignancies.

17. BASF failed to implement feasible engineering controls, failed to warn employees, and failed to reduce emissions despite available technology.

18. BASF's conduct demonstrated reckless disregard for the health and safety of its employees and the surrounding community.

## IV. CAUSES OF ACTION

COUNT 1 – NEGLIGENCE

19. Plaintiff incorporates all preceding paragraphs.

20. BASF owed Plaintiff a duty to provide a safe workplace, to warn of known hazards, and to prevent harmful exposure to carcinogenic chemicals.

21. BASF breached these duties by failing to control EtO emissions, failing to warn Plaintiff, and failing to implement adequate safety measures.

22. BASF's negligence was the direct and proximate cause of Plaintiff's cancer and resulting injuries.

COUNT 2 – STRICT LIABILITY (ULTRAHAZARDOUS ACTIVITY)

23. Plaintiff incorporates all preceding paragraphs.

24. The manufacture and emission of ethylene oxide is an ultrahazardous activity that poses unavoidable risks of serious harm.

25. BASF is strictly liable for damages caused by its EtO emissions.

COUNT 3 – FAILURE TO WARN

26. Plaintiff incorporates all preceding paragraphs.

27. BASF knew or should have known that EtO exposure causes cancer.

28. BASF failed to warn Plaintiff of the risks associated with EtO exposure during her employment.

### V. DAMAGES

29. As a result of BASF's conduct, Plaintiff has suffered and continues to suffer:

- Physical pain and suffering
- Permanent bodily disfigurement
- Emotional distress and psychological trauma
- Loss of enjoyment of life

4

- Medical expenses (past and future)

- Loss of earning capacity

- Loss of consortium.

- Increased risk of future medical complications

30. Plaintiff seeks all damages available under Louisiana and federal law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award:

1. Compensatory damages;
2. Medical monitoring;
3. Costs and expenses of litigation;
4. Pre- and post-judgment interest;
5. Any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

**BY:** _____

**JANICE MONTAGUE-MYLES**
Bar Roll#: 18356
23445 Railroad Avenue
Plaquemine, Louisiana 70764
Phone: (225) 382-5222
Facsimile: (225) 382-5202
janicemyles@att.net